IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | : |  |
| MYRON NMI THOMAS, | : |  |
| Plaintiff, | : | Case No. 2:05-cv-1086 |
| v. | : | Judge Graham |
| OHIO ADULT PAROLE AUTHORITY, *et al.*, | : | Magistrate Judge Abel |
| Defendants. |  |  |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge on defendants' December 29, 2005 motion to dismiss plaintiff's complaint as frivolous (doc. 7). Plaintiff Myron Thomas filed this lawsuit pursuant to 42 U.S.C. § 1983 seeking immediate release from prison and $5,000,000 in damages for his continued unlawful incarceration. On March 24, 1994, Thomas pleaded guilty to Gross Sexual Imposition and was given a definite prison sentence of eighteen months. (Compl. Exh. A). He alleges that he has been unlawfully held at the Ross Correctional Institution ("RCI") for the last ten years. He further maintains that the Ohio Adult Parole Authority Board has unconstitutionally increased his offense category and risk factor scores for that of a Rape conviction.

Defendants are the Ohio Adult Parole Authority Board ("APA"), Gary Croft,

1

Chairperson, Dr. Sandra J. Crocket, Melvin Morton, and Richard Baker.  They argue that Thomas' complaint must be dismissed as frivolous because (1) the APA is not a person subject to suit under 42 U.S.C. § 1983, (2) plaintiff's complaint fails to state a deprivation of a liberty interest when the APA denied him release on parole, (3) Thomas' claim for immediate release must be brought through habeas corpus, and (4) defendants are immune from Thomas' claims for money damages.  Defendants' argument, that they are immune to suit, is closely tied to their argument that the APA cannot be sued under § 1983; therefore, these arguments will be discussed together.

I. Discussion.

    A.  Dismissal for Failure to State a Claim.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations.  *See*

*Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339,

3

1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1983). Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

**B. Application.**

**1. Is the Adult Parole Authority a Person Under 42 U.S.C. § 1983?**

To state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must allege that a person, while acting under the color of state law, deprived the plaintiff of a right protected by the laws of the United States. *Massingill v. Ohio Adult Parole Auth.*, 28 Fed.

Appx. 510, 511 (6th Cir. Feb. 1, 2002). "[T]he Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment." *Id.* "When Congress enacted § 1983, it did not abrogate the states' immunity. Accordingly, "neither a state, nor a state official sued in his official capacity is a 'person' who is subject to suit under § 1983." *Id.*

The plaintiff in *Massingill* had named the Ohio Adult Parole Authority as a defendant. The court of appeals stated that the district court had properly dismissed his claim pursuant to 28 U.S.C. § 1915(e) for failing to state a claim because the Ohio Adult Parole Authority was not a person within the meaning of § 1983. *Id.* ; *see also Johnson v. Ghee*, 2005 WL 2850085, at *2 (N.D. Ohio Oct. 28, 2005). Suing the APA was the same as naming the state itself as a defendant. *See Id.*

In his complaint, Thomas names the APA, Gary Croft, Dr. Sandra J. Crocket, Melvin Morton, and Richard Baker as defendants. The APA is not a proper defendant under § 1983 because it is not a person, and it must be dismissed from this action. Next it must be determined in what capacity the remaining defendants are being sued.

Thomas does not state in what capacity, either official or individual, he suing Croft, Crocket, Morton, and/or Baker. However, defendants maintain that Thomas is suing them in their official capacities. As already stated, a suit against an actor in his official capacity is a suit against the state. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992 ). "Absent a clear notification that defendants are being sued in their individual

5

capacities, courts must assume that they are being sued in their official capacities, only." *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1037 (E.D. Mich. 2005) (citing *Diop v. Wayne County Cmty. College,* 242 F. Supp. 2d 497, 517 (E.D. Mich. 2003)).  *See Moore v. City of Harriman*, 272 F.3d 769, 780 (6th Cir. 2001) (Suhreinrich, J., dissenting) (discussing that in a suit for money damages, the distinction between a lawsuit against an actor in his individual or official capacity is a distinction on how the plaintiff is seeking to collect damages, i.e. collection through the state or by payment from the individual.).  While plaintiffs may file a § 1983 action seeking injunctive relief against actors in their official capacities, they may not seek monetary relief.  *Wolfel*, 972 F.2d at 718-19.  Monetary relief may only be awarded when a suit is brought against defendants in their individual capacities.  *Id.*

Since Thomas does not state in what capacity he is suing the individual defendants for money damages, this Court will assume that they are being sued in their official capacities.  *See Tanney*, 400 F. Supp. 2d at 1037.  Because suits seeking money damages against state actors in their official capacities are suits against the state, these suits are barred by the Eleventh Amendment.  Accordingly, Thomas' claim seeking $5,000,000 must be dismissed.

**2.  Thomas' Claim for Immediate Release.**

Defendants argue that Thomas' request for immediate release must be dismissed because a claim for immediate release must be brought through a habeas corpus action.  Defendants' cite *Adkins v. Ohio Adult Parole Authority*, 82 Ohio St. 3d 171 (1998).  However, this case is not controlling.  In *Adkins,* the plaintiff had filed suit using a writ

of mandamus. The court stated that a writ of mandamus was not the proper mechanism for a prisoner seeking immediate release; rather, it was habeas corpus. *Id.* at 172; *see also Hogan v. Ghee,* 85 Ohio St. 3d 150 (1999). The court did not discuss the effect on an inmate's claim when an inmate files a § 1983 action instead of a habeas action. However, in *Buhrman v. Wilkinson,* 257 F. Supp. 2d 1110, 1119 (S.D. Ohio 2003), this Court stated "claims against state officials for breach of plea agreements, implicat[e] . . . the terms of one's conviction or sentence, [and] must be raised pursuant to habeas petition."

In this case, Thomas seeks his immediate release from prison. "Generally, challenges to a parole board's refusal to release a prisoner on parole fail to state a claim for relief because an Ohio prisoner has no liberty interest in his release on parole." *Jackson v. Adult Parole Auth.*, 2001 WL 1699146, at *1 (S.D. Ohio Aug. 20, 2001). "Further, if a decision on the merits of a prisoner's § 1983 would affect the validity of his conviction or continued incarceration, he cannot pursue the § 1983 cause of action unless and until he has been granted habeas corpus relief." *Id.*

In *Jackson*, the court ruled that because the petitioner had not alleged that he had presented his claim for immediate release to the Ohio courts, the court had to conclude that the petitioner had not exhausted his available state court remedies under 28 U.S.C. § 2254(b) and (c) before bringing his federal habeas claim seeking release." *Id.* at 2 (also stating that a "[a] prisoner who maintains that he is entitled to immediate release from prison has the Ohio court remedy of a habeas action filed in the appropriate Ohio Court

7

of Appeals.").

Thomas seeks his immediate release from prison. However, his complaint does not allege that he has sought any review in the state courts. Further, the complaint was filed pursuant to 42 U.S.C. § 1983 and not 28 U.S.C. § 2254(b) and (c). As in *Jackson*, I must conclude that Thomas has not pursued the available state court remedies. His claim for immediate release must be dismissed.

### 3. Due Process.

Thomas alleges that he was convicted of Gross Sexual Imposition in 1994 and this is the sole basis for his incarceration. He states that he was sentenced to 18 months for this conviction and has been wrongly incarcerated for ten years. To accomplish the unlawful incarceration, Thomas maintains that the APA increased his offense category score and risk category score to that of a Rape conviction. He argues that this increased his sentence and has resulted in a denial of due process.

In Ohio, prisoners "have no entitlement to parole; whether such should be granted is left to the discretion of the Parole Authority." *Buhrman*, 257 F. Supp. 2d at 1121. Further,

> [w]here an incarcerated individual seeks a reduction in his duration of confinement, a habeas action is his sole means of relief in federal court. [citation omitted]. On the other hand, where an incarcerated individual is challenging not his conviction, sentence or duration of confinement, but rather the procedures and means used to make a parole eligibility determination (i.e., challenging the procedures used to reach a result, but not the result itself), the action might be cognizable under § 1983.

*Id.* Accordingly, in *Buhrman,* the court distinguished between a prisoner challenging

8

the procedures used to determine his length of confinement and when the prisoner is challenging the length of confinement.

In *Dotson v. Wilkinson*, 544 U.S. 74, 125 S.Ct. 1242, 1246 (2005) (quoting *Preiser v. Rodriquez,* 411 U.S. 475, 489 (1973)), the Court stated that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of confinement.'"  The key to determining whether an action may be brought pursuant to § 1983, as opposed to habeas corpus, is whether the action is attacking the procedures and not the wrong result.  *Id.* at 1247.  After a review of related cases, the Court summarized, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred . . .-no matter the relief sought . . ., no matter the target of the prisoner's suit . . .-if success in the action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 1248.

> Returning to this Court's discussion in *Buhrman*, we have stated that
>
> [u]nder Ohio law, an individual can bring a civil action to challenge whether the Ohio Parole Authority violated the law in reaching a parole eligibility determination.  *See Layne v. Ohio Adult Parole Auth.*, 97 Ohio St. 3d 456 (2002).  It is only reasonable, then, to find that insofar as the alleged unlawful conduct constitutes a violation of a right guaranteed by the United States Constitution, a § 1983 action in federal court would be just as permissible as the civil action cognizable in the state court system.

*Buhrman*, 257 F. Supp. 2d at 1121.

> A federal court is *not* to conduct a *de novo* review of the soundness of the Parole Authority's determination of an incarcerated individual's parole eligibility category. . . . What the Court may do, as *Lanye* and the rationale set forth in *Dotson* make clear, is determine whether the Parole Authority violated any constitutional rights in reaching its final determination.

9

>Absent such a showing, however, whether the Parole Authority made the correct determination is not for this Court to say.

*Id.* at 1122.

This Court also stated that the inmate's claim, that the Parole Authority had wrongly classified him, could not be brought pursuant to § 1983:

>[T]o the extent the due process claim is premised on the allegation that the Parole Authority wrongly classified him, it must fail, because § 1983 cannot be invoked to obtain review of that determination. It can hardly be argued that a prisoner in Ohio has a right under the Constitution or laws of the United States to correct a parole eligibility determination, given that parole in Ohio is completely discretionary. . . . [H]is remedy appears to lie with the Ohio Supreme Court, pursuant to a writ of mandamus.

*Id.; see Johnson*, 2005 WL 2850085, at * 3 (stating "a state prisoner who is denied parole is not deprived of a liberty interest as recognized under Section 1983 or the Due Process Clause unless state law makes the parole decision mandatory. . . .[I]n Ohio the parole decision is discretionary," and there is no constitutionally protected right to parole.); *see Michael v. Ghee*, 411 F. Supp. 2d 813, 817 (N.D. Ohio Feb. 1, 2006) (stating "[t]he U.S. Constitution does not create a liberty interest in parole. [Citation omitted]. Because Ohio law makes parole discretionary, inmates do not have a liberty interest in parole under state law. [Citations omitted]. If inmates do not have a liberty interest in parole itself, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. ").

Thomas' complaint may be read as challenging the procedures used by the APA in determining his parole eligibility. He alleges that the APA impermissibly used a

10

more serious crime conviction to determine the length of his sentence: He was convicted of Gross Sexual Imposition. He maintains that the APA has classified him for a Rape conviction. Yet, the two remedies Thomas seeks for the allegedly wrongful conduct of the APA are (1) immediate release from prison and (2) $5,000,000 in damages. As already stated, a claim for immediate release must be brought by habeas corpus not § 1983. Moreover, this relief is not concerned with the procedures used, but rather, specifically challenges the duration of confinement.

Thomas also seeks $5,000,000 in damages. He has not named a proper defendant for this claim. Rather, the state is protected from liability based on the Eleventh Amendment. Reviewing the relief sought by Thomas, I must conclude that Thomas is not challenging the procedures but is challenging his confinement- only. Therefore, this action must be brought in the form of habeas corpus.

## II. Conclusion.

Accordingly, I **RECOMMEND** that defendants' December 29, 2005 motion to dismiss plaintiff's complaint (doc. 7) be **GRANTED**. I **FURTHER RECOMMEND** that this case be **DISMISSED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  See *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/ Mark R. Abel
United States Magistrate Judge