IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MYRON NMI THOMAS, | : | |
| Plaintiff, | : | Case No. 2:05-cv-1086 |
| v. | : | JUDGE GRAHAM |
| OHIO ADULT PAROLE AUTHORITY, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

## ORDER

This matter is before the Court on plaintiff Myron Thomas' April 12, 2006 motion for reconsideration of the Magistrate Judge's March 29, 2006 Report and Recommend- ation (doc. 12) which recommended dismissing Thomas' complaint as frivolous. Thomas, an inmate at the Ross Correctional Institution ("RCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983 seeking immediate release from prison and $5,000,000 in damages for his continued unlawful incarceration. For the following reasons, the Magistrate Judge's March 29, 2006 Report and Recommendation is **AFFIRMED** and **ADOPTED**.

In his complaint, Thomas argues that the Ohio Adult Parole Authority Board has unconstitutionally increased his offense category and risk factor scores to the level of a Rape conviction and has refused to release him. He names the following defendants: the Ohio Adult Parole Authority Board ("APA"); Gary Croft, Chairperson; Dr. Sandra J. Crocket; Melvin Morton; and Richard Baker. The alleged unlawful incarceration began

after he pleaded guilty to Gross Sexual Imposition on March 24, 1994. At that time, Thomas was on parole for aggravated robbery. He was sent back to prison for violating parole and was given an additional eighteen months for the Gross Sexual Imposition conviction. As of April 12, 2006, Thomas was still incarcerated.

In his motion for reconsideration, Thomas raises two new arguments: he is not suing defendants Croft, Crocket, Morton, and Baker in their official capacities because he served the defendants independently; and this action is not a *habeas corpus* action because he is not seeking his immediate release from prison; rather, he is seeking an injunction to stop defendants from abusing their power. Defendants respond by stating that Thomas has not identified any weaknesses in the Magistrate Judge's factual recitation or legal analysis; therefore, adoption of the Report and Recommendation is appropriate.

Thomas' first argument, that his complaint should not be dismissed because he is suing defendants Croft, Crocket, Morton, and Baker in their individual capacities is not persuasive. His complaint contains no reason to believe that these defendants are being sued in their individual capacities. Moreover, even if these defendants were being sued in their official capacities, Thomas would not be relieved of his duty to perfect service upon the defendants.

Thomas' argument that he is not seeking an immediate release from prison but rather an injunction to stop defendants from abusing their authority is inconsistent with the relief he requests in his complaint: "The plaintiff further request that this court order a 'Final Release' date for this plaintiff immediately-without parole supervision, and five

million dollars ($5,000,000) in compensation." Compl., p. 6.

This Court is not persuaded by Thomas' argument: Thomas has never sought leave to amend his complaint to ask for alternative relief. Thomas is merely trying to circumvent dismissal by stating a new claim in his motion for reconsideration. Further, after review of Thomas' motion for reconsideration of the Report and Recommendation, I find that Thomas' complaint is frivolous. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997).

In his complaint, Thomas attempts to plead a claim under *Layne v. Ohio Adult Parole Auth.,* 97 Ohio St. 3d 456 (2002), arguing that his sentence was increased based on conduct that he was never convicted of performing. However, in his objections, Thomas includes a recitation of the parole board's decision regarding his release date. It states, among other things, that Thomas' sentence for Gross Sexual Imposition expired in March 1995, then in April 1995, he was sentenced to 36 months for an assault conviction and for violating his parole, then in 2003 following the *Layne* decision, the board gave Thomas a *Layne* hearing, and that the board's decision to grant him parole was changed because he was caught with a shank. Even when taking all of Thomas' allegations as true, his statements do not support a *Layne* violation. Thomas is arguing that he is entitled to parole and that the parole board's decisions to postpone or deny his parole violated his constitutional rights. As the Supreme Court has stated, inmates have "no inherent constitutional right to parole." *See Bd. of Pardons v. Allen,* 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979).

Accordingly, plaintiff Myron Thomas' April 12, 2006 motion for reconsideration of the Magistrate Judge's March 29, 2006 Report and Recommendation (doc. 12) is **OVERRULED**. The Magistrate Judge's March 29, 2006 Report and Recommendation (doc. 10) is **AFFIRMED** and **ADOPTED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants.  This case is **DISMISSED**.

It is so ORDERED.

s/James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE:  June 2, 2006